1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   United States of America,              )   CR 01-99-PHX-JAT
                                           )   CV 04-933-PHX-JAT (JI)
10              Plaintiff/Respondent,       )
                                           )   **ORDER**
11  vs.                                    )
                                           )
12                                         )
    Leslie C. Cohen,                       )
13                                         )
                Defendant/Movant/Petitioner.)
14                                         )
                                           )
15  _____   )

16          Pending before the Court is Movant's Motion to Vacate, Set Aside or Correct Sentence

17  (Doc. #218) as amended (Doc. #256) and Respondent's Response (Doc. #257) as amended

18  (Doc. #271).  Petitioner is seeking habeas relief on a federal conviction pursuant to 28 U.S.C.

19  § 2255.

20          As a preliminary matter, the Court notes that Movant was sentenced to 33 months on

21  May 23, 2002 (with a credit for time already served before this date).  Thus, although Movant

22  is in custody on another conviction, Movant is no longer in custody on this charge.  Further,

23  although Movant is still within the supervised release term of his from this conviction, his

24  supervised release availability has not been revoked.  Therefore, is does not appear Movant

25  can meet the "in custody" requirement for seeking habeas relief.[1]  However, because Movant

26

27          [1]  Habeas petitions can be rendered moot if the petitioner is not in custody.  *See*
28  *Bridges v United States*, 259 F.2d 611, 622 (9th Cir. 1958) (Judge Denman dissenting);
    *Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005).

1    is challenging his second conviction, and could potentially have a supervised release

2    violation placing him in custody, the Court will still consider the Petition.

3          The Magistrate Judge to whom this case was referred has issued a report and

4    recommendation ("R&R") which recommend that the habeas petition be denied.  Movant has

5    filed objections to the R&R.  This Court "may accept, reject, or modify, in whole or in part,

6    the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  It

7    is "clear that the district judge must review the magistrate judge's findings and

8    recommendations *de novo if objection is made*, but not otherwise."  *United States v. Reyna-*

9    *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v.*

10   *Johnstone*, 263 F.Supp.2d 1219, 1126 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court

11   concludes that *de novo* review of factual and legal issues is required if objections are made,

12   'but not otherwise.'").  Because objections have been filed, the Court will review the Petition

13   and R&R *de novo*.

14         In his objections, Petitioner first objects to the Magistrate Judge's authority to issue

15   an R&R.  The Court overrules this objection.

16         Petitioner raises 5 claims in his habeas petition (some of which have multiple sub-

17   parts).  The Magistrate Judge denied claims 1, 2, 3, and 5 because either those claims were

18   raised on appeal and decided by the Court of Appeals already, or because those claims could

19   have been raised on appeal, were not, and are, therefore, procedurally defaulted.

20         Petitioner objects to these conclusions.  Preliminarily, the Court agrees with the

21   recommendation of the R&R that all claims except claim 4 have either been raised with the

22   Court of Appeals and decided on direct appeal, or could have been raised with the Court of

23   Appeals on direct appeal and were not.  With respect to the claims that have already been

24   considered and decided by the Court of Appeals, the Court of Appeals decision is the law of

25   the case and this Court will not revisit it on habeas.  *See* R&R at 9, lines 2-12; *see also U.S.*

26   *v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000).  Therefore, those claims are denied.

27         Additionally, the Court agrees that any of claims 1, 2, 3, or 5, (or variations of those

28   claims) that were not raised before the Court of Appeals were not exhausted and are now

- 2 -

1   procedurally defaulted.  To overcome the procedural default, Petitioner must show cause and

2   prejudice for his default (or actual innocence).  *See* R&R at 10-12.

3          Petitioner argues that the Magistrate Judge erred in concluding that, with respect to

4   Petitioner's procedurally defaulted claims, Petitioner was required to show cause and

5   prejudice or actual innocence to excuse his procedural default.  Objections at 6.  Petitioner

6   premises his argument on his theory that the cause and prejudice and actual innocence

7   standards apply to only state convictions.  Petitioner is mistaken, the cause and prejudice

8   standard also applies to procedurally defaulted claims on federal convictions.  *See U.S. v*

9   *Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).

10          Next, Petitioner argues that he is actually innocent.  Objections at 6.  Specifically,

11   Petitioner states that he is innocent, "because he believed his removal/deportation was

12   invalid." *Id.* Petitioner's subjective belief about whether he was previously validly deported

13   does not change whether he was in fact guilty of illegally re-entering after being deported.

14   Therefore, Petitioner has failed to show that he meets the actual innocence exception to

15   procedural default.  As a result, the Court will not consider the merits of the procedurally

16   defaulted claims.  Accordingly, habeas relief on the procedurally defaulted claims is also

17   denied.

18          Finally, in claim 4, Petitioner raises his ineffective assistance of counsel claim.  The

19   Magistrate Judge identified 21 theories of ineffective assistance in the habeas petition.  R&R

20   at 12-25.  Petitioner agrees that he has 21 theories of ineffective assistance.  Objections at 11.

21   However, Petitioner's 26 pages of objections are presented in a narrative form, rather than

22   organized by each of his 21 separate theories of ineffective assistance.

23          For example, in his objections, Petitioner makes several arguments about not wanting

24   to go forward to trial with his attorney.  Objections at 12-13.  The R&R addressed this

25   argument at page 14.  In his objections, Petitioner suggests that he either wanted to fire his

26   counsel, or actually fired his counsel, but that he was barred from communicating these facts

27   to the Court.  Petitioner retained his counsel, and had the ability to fire him.  Further,

28   Petitioner was present for the pretrial proceedings and trial and could have asked to speak

1  with the Court on this issue at any time.  Therefore, the Court overrules any objection that

2  suggests Petitioner was forced against his will to proceed with the retained counsel of his

3  choice.

4  Under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, "[a]n

5  ineffective assistance claim has two components: A petitioner must show that counsel's

6  performance was deficient, and that the deficiency prejudiced the defense.  To establish

7  deficient performance, a petitioner must demonstrate that counsel's representation fell below

8  an objective standard of reasonableness."  *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)

9  (internal citations and quotations omitted).  A deficient performance is one that is "outside

10  the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.  In order

11  to show prejudice, Petitioner must show that there is a reasonable probability that, but for

12  counsel's unprofessional errors, the result of the proceeding would have been different. A

13  reasonable probability is a probability sufficient to undermine confidence in the outcome."

14  *Strickland*, 466 U.S. at 694.  Without specifics that cause the court to have such doubts, a

15  claim of ineffective assistance of counsel must be denied.  *See James v. Borg*, 24 F.3d 20,

16  26 (9th Cir. 1994) (noting that petitioner needs to "identify what evidence counsel should

17  have presented" to show his innocence).

18  In his Objections, Petitioner undertakes to identify what evidence his counsel should

19  have presented. Objections at 14. Mainly, Petitioner argues that in his 1997 deportation, the

20  airplane on which he was deported made a stop in Illinois (from Texas) and that his counsel

21  should have questioned the witnesses about his departure point being Illinois not Texas. *Id.*

22  Assuming Petitioner's allegations about the flight's path are true, this fact does not meet the

23  *Strickland* standard for ineffective assistance.  Specifically, failing to question on this is not

24  outside the range of professionally competent assistance.  Moreover, even if Petitioner were

25  deported from Illinois, that does not show that the result of his trial would have been

26  different.  As a result, this Objection is overruled.

27  Petitioner also argues that his counsel failed to make the correct legal arguments about

28  a U.S./Canadian boarder crossing.  Objections at 14.  Again the Court finds that the

- 4 -

1    arguments advanced by counsel did not fall outside the wide range of professionally

2    competent assistance under *Strickland*.  Therefore, this objection is also overruled.

3         Next, Petitioner argues that he did not trust his attorney, his attorney had a conflict of

4    interest, his attorney should have sought a continuance until more than two weeks after the

5    September 11 terrorist attacks, and his attorney did not have experience in federal court.

6    Objections at 15-16.  Each of these arguments is addressed in the R&R.  The Court agrees

7    with the conclusions of the R&R and overrules Petitioner's objections to each of these

8    recommendations.[2]

9         Petitioner next argues that his counsel did not adequately brief and argue the motion

10   to dismiss.  Objections at 16-17.  The Court, with the benefit of any independent research the

11   Court felt necessary to undertake, reviewed and ruled on the motion to dismiss.  The Court

12   does not find counsel's presentation of the motion to have been ineffective under the

13   *Strickland* standard.

14        Next, Petitioner makes several arguments that his counsel was ineffective for not

15   obeying Petitioner, including: 1) counsel did not oppose the psychiatric evaluation; 2)

16   counsel learned of a plea offer after being told to not engage in settlement negotiations; and

17   _____

18        [2] Moreover, under *Burger v. Kemp*, 483 U.S. 776, 783 (1987) to bring a claim for
     ineffective assistance based on conflict of interest, Petitioner must show: 1) that the attorney

19   actively represented conflicting interests; and 2) that an actual conflict of interest adversely

20   affected the lawyer's performance. *See also Mickens v. Taylor*, 535 U.S. 162, 171 (2002) (an
     actual conflict is "a conflict that affected counsel's performance - as opposed to a mere

21   theoretical division of loyalties.").  In his objections, Petitioner fails to identify the conflict

22   of interest.  Therefore, Petitioner failed to show he is entitled to relief under *Burger*.
          Petitioner's argues that this Court cannot, "reject[] Movant's claim without an

23   evidentiary hearing with all parties present in court to confront each other face to face."
     Objections at 15.  Petitioner is not entitled to an evidentiary hearing without asserting

24   underlying facts which would show that there is a dispute for the Court to decide.  In other
     words, no hearing is necessary if this Court "is able to determine without a hearing that the

25   allegations are without credibility or that the allegations if true would not warrant a new trial

26   . . . ."  *United States v. Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991).  In this case,
     Petitioner did not make any allegations that would warrant an evidentiary hearing.  Thus,

27   Petitioner's request for an evidentiary hearing is denied.

28

1   3) counsel agreed to a trial continuance.  Objections at 17-19.  The Court finds that counsel

2   was not ineffective for using his own professional judgment rather than obeying Petitioner.

3   Further, the Court finds that Petitioner cannot show prejudice from any of these decisions.

4   Therefore, the objections on these claims are overruled.

5           Petitioner goes on to argue that counsel did not request all *Brady*, *Giglio*, and *Jencks*

6   *Act* materials.  Objections at 18-19.  The Court agrees with the conclusion of the R&R that

7   this claim is futile because, on the merits this claim was considered and rejected by the Court

8   of Appeals in Petitioner's direct appeal.  R&R at 18.  Therefore, counsel was not ineffective

9   for pursuing a theory that was meritless.   Therefore, the objections on this claim are

10  overruled.

11          Next, Petitioner claims his counsel was ineffective based on several evidentiary issues

12  including: 1) the location of exhibits in the courtroom, 2) the presence of a case agent in the

13  courtroom; 3) the outfits of the jurors; 4) the authentication of documents; 5) the copying of

14  government exhibits; and 6) admissions of undisputed facts.  The Court finds that none of

15  Petitioners arguments/objections on these issues can meet the *Strickland* standard.  None of

16  counsel's actions or inactions fell outside the range of professionally competent assistance.

17  Further, Petitioner cannot show that a change in any of these evidentiary issues would have

18  produced a different result at trial.  Therefore, these objections are also overruled.

19          Petitioner also objects that counsel was ineffective for failing to proposes alternative

20  jury instructions.  Objections at 22.  The Court finds that the jury instructions that the Court

21  gave were legally correct and that counsel was not ineffective for failing to offer alternative

22  instructions.  *See* R&R at 23-24 (discussing legal requirements for re-entry after deportation

23  and cases discussing same).  Petitioner's objection that the INS district manager can give

24  permission to an alien to re-enter (Objections at 23) does not change that counsel was not

25  ineffective on this point because there was no evidence at trial that Petitioner/Defendant ever

26  received any such permission from a district manager.  Therefore, Petitioner cannot show that

27  the result of the proceeding would have been different had counsel sought a jury instruction

28

1   to this effect.  Thus, the recommendation of the R&R will be accepted and Petitioner's

2   objections on this point are overruled.

3        Finally, Defendant makes four additional arguments and objections as to why his

4   counsel was ineffective including: 1) counsel did not file a reply to the Government's

5   response to Defendant's post-trial motions; 2) counsel failed to object to a continuance of the

6   sentencing; 3) counsel disclosed Petitioner's psychiatric report to the bar (in relation to

7   Petitioner's bar complaint against counsel); and 4) counsel did not return his fees to

8   Petitioner. Objections at 23-25.  None of these objections are cognizable on habeas as

9   ineffective assistance of counsel because none of them has to do with Petitioner's guilt or

10   innocence or Petitioner potentially being entitled to a new trial.  Thus, the Court declines to

11   consider these theories in this habeas petition.

12        Based on the foregoing,

13        **IT IS ORDERED** that the Report and Recommendations (Doc. #274) is accepted and

14   adopted, Petitioner's objections (Doc. #281) are overruled and the Motion to Vacate (Doc.

15   #218) as amended (Doc. #256) is <u>denied</u> and the Clerk of the Court shall enter judgment

16   accordingly;

17        **IT IS FURTHER ORDERED** that Petitioner's Motion to Extend Time to File

18   Objections (Doc. #280) is granted to the extent that the Objections received on March 8,

19   2006 are deemed to be timely;

20        **IT IS FURTHER ORDERED** that Petitioner's Motion (Doc. #278) to have this

21   Court correct the docket entries in the case is denied as unnecessary; the record of the case,

22   as read in each document itself, speaks for itself; and

23        **IT IS FURTHER ORDERED** that Petitioner's Objections and Motion for

24   Reconsideration (Doc. #279) of the Magistrate Judge' Order (Doc. #273) addressing

25   Petitioner's motion for contempt of court and sanctions against his former counsel is denied;

26   the motion is denied on the merits because Petitioner's requests that his former counsel be

27   held in contempt, sanctioned and be found to have committed perjury are all not cognizable

28   on habeas because none of the relief sought affects the outcome of the habeas petition;

1  further the Magistrate Judge did not err in not recusing himself because: 1) the fact that the

2  Magistrate Judge is paid by the same government that is opposing Petitioner's petition does

3  not (contrary to Petitioner's assertions) create a conflict of interest;  and 2) the Magistrate

4  Judge was not biased in favor of the government.[3]

5          DATED this 20th day of November, 2006.

8                                        _____
                                         James A. Teilborg
9                                        United States District Judge

---

27       [3] Rulings in a case do not constitute a basis for a recusal motion. *See, e.g., Poland*
28  *v. Stewart*, 117 F.3d 1094, 1103 (9th Cir. 1997).